UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| PATRICK JERMAINE LEWIS,<br><br>               Plaintiff,<br><br>   v.<br><br>TWIN FALLS COUNTY JAIL and<br>IVY MEDICAL,<br><br>              Defendants. | Case No. 1:23-cv-00317-BLW<br><br>**INITIAL REVIEW ORDER BY<br>SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Patrick Jermaine Lewis's

Complaint as a result of Plaintiff's status as an inmate and in forma pauperis

request. The Court now reviews the Complaint to determine whether it should be

summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A.

Having reviewed the record, and otherwise being fully informed, the Court enters

the following Order directing Plaintiff to file an amended complaint if Plaintiff

intends to proceed.

1. **Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern

pleading standards, Rule 8 requires a complaint to "contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal*/*Twombly* "facial plausibility"

standard is met when a complaint contains "factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are

not required, but a plaintiff must offer "more than ... unadorned, the-defendant-

unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if

there is an "obvious alternative explanation" that would not result in liability, the

complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678,

682 (internal quotation marks omitted). Bare allegations that amount to a mere

restatement of the elements of a cause of action, without adequate factual support,

are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review

complaints filed by prisoners seeking relief against a governmental entity or an

officer or employee of a governmental entity, as well as complaints filed in forma

pauperis, to determine whether summary dismissal is appropriate. The Court must

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

**2.     Factual Allegations**

Plaintiff is an inmate currently being held in the Twin Falls County Jail.

Plaintiff generally alleges that he has been denied adequate medical and/or mental

health treatment. Plaintiff names as Defendants the Twin Falls County Jail and Ivy

Medical, the private company providing jail inmates with medical treatment under

contract with Twin Falls County.

The only allegations in the Complaint are that Plaintiff (1) has been denied

unidentified medications, and (2) has received "poor medical care and neglect."

*Compl.*, Dkt. 2, at 2.

**3.     Discussion**

Because the Complaint contains no supporting facts, Plaintiff has not stated

a claim upon which relief may be granted. The Court will, however, grant Plaintiff

28 days to amend the Complaint. Any amended complaint should take into

consideration the following.

### A.     Section 1983 Claims

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To

state a plausible civil rights claim, a plaintiff must allege a violation of rights

protected by the Constitution or created by federal statute proximately caused by

conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d

1418, 1420 (9th Cir. 1991).

Jail officials and jail medical providers generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

To bring a § 1983 claim against a local governmental entity (such as the

Twin Falls County Jail) or a private entity performing a government function (such

as Ivy Medical), a plaintiff must allege that the execution of an official policy or

unofficial custom inflicted the injury of which the plaintiff complains, as required

by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694

(1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying

*Monell* to private entities performing a government function). Under *Monell*, the

requisite elements of a § 1983 claim against such an entity are the following:

(1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or

custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's

constitutional right; and (4) the policy or custom was the moving force behind the

constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11

(9th Cir. 2001). An entity also "may be held liable under § 1983 when the

individual who committed the constitutional tort was an official with final policy-

making authority" or when "such an official ratified a subordinate's

unconstitutional decision or action and the basis for it." *Clouthier v. County of

Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other*

*grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en

banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Here, Plaintiff alleges generally that he has received inadequate medical care in jail. It is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the events described in the Complaint. This distinction is important.

The Fourteenth Amendment's Due Process Clause applies to pretrial detainees and is violated when the conditions to which the detainee is subjected amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Eighth Amendment applies to convicted prisoners and protects against cruel and unusual punishment. The legal standards applicable to Plaintiff's claims of inadequate

medical treatment differ depending on which amendment governs. If Plaintiff files

an amended complaint, he should clarify his status at the time his claims arose.

Pretrial detainees' claims of unconstitutional jail conditions, including

inadequate medical treatment, are analyzed using a standard of "objective

deliberate indifference." *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th

Cir. 2018). Under that standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with
> respect to the conditions under which the plaintiff was
> confined; (ii) those conditions put the plaintiff at
> substantial risk of suffering serious harm; (iii) the
> defendant did not take reasonable available measures to
> abate that risk, even though a reasonable official in the
> circumstances would have appreciated the high degree of
> risk involved—making the consequences of the
> defendant's conduct obvious; and (iv) by not taking such
> measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. The application of this standard "will necessarily turn on the facts and

circumstances of each particular case." *Id*. (internal quotation marks and alteration

omitted).

Although the Court uses an objective standard in evaluating conditions-of-

confinement claims of pretrial detainees, this standard must not be confused with

the objective standard used for evaluating claims of negligence under state law.

This is because negligence—the "mere lack of due care" by a governmental

official—"does not deprive an individual of life, liberty, or property under the

Fourteenth Amendment." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th

Cir. 2016) (en banc); *see also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (stating that negligence is not actionable under § 1983, because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person"). Therefore, a pretrial detainee complaining of unconstitutional conditions of confinement must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

Convicted prisoners challenging prison conditions under the Eighth Amendment must show more. To state a claim under the Eighth Amendment, a convicted prisoner must plausibly allege that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

Regarding the objective standard for prisoners' medical care claims, "society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id*. The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain[;] ... [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain ....

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

As to the subjective standard, "deliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official or prison medical provider acts with deliberate indifference "only if the [prison official or provider] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (internal quotation marks omitted),

*overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th

Cir. 2016) (en banc). "Under this standard, the prison official must not only 'be

aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v.*

*Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837).

In the medical context, deliberate indifference can be "manifested by prison

doctors in their response to the prisoner's needs or by prison guards in intentionally

denying or delaying access to medical care or intentionally interfering with the

treatment once prescribed." *Estelle*, 429 U.S. at 104–05 (footnotes omitted).

Medical malpractice or negligence does not support a cause of action under the

Eighth Amendment, *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)

(per curiam), and a delay in medical treatment does not violate the Eighth

Amendment unless that delay causes further harm, *McGuckin*, 974 F.2d at 1060.

"If a [prison official] should have been aware of the risk, but was not, then

the [official] has not violated the Eighth Amendment, no matter how severe the

risk." *Gibson*, 290 F.3d at 1188. Moreover, even prison officials or medical

providers who *did* know of a substantial risk to an inmate's health will not be liable

under § 1983 "if they responded reasonably to the risk, even if the harm ultimately

was not averted." *Farmer*, 511 U.S. at 844. If medical personnel have been

"consistently responsive to [the inmate's] medical needs," and the plaintiff has not

shown that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," there has been no Eighth Amendment violation. *Toguchi*, 391 F.3d at 1061.

"There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (internal quotation marks omitted). Accordingly, mere differences in judgment as to appropriate medical diagnosis and treatment between an inmate and prison medical providers—or, for that matter, between medical providers—are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

"[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health." *Toguchi*, 391 F.3d at 1058 (alteration omitted) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). Stated another way, a plaintiff must prove that medical providers chose one treatment over the plaintiff's preferred treatment "even though they knew [the plaintiff's preferred treatment] to be medically necessary based on [the plaintiff's] records and prevailing medical standards." *Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1117 (N.D. Cal. 2015). To violate the Eighth Amendment, the choice of treatment

must have been "so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 989 (7th Cir. 1998); *see also Lamb v. Norwood*, 899 F.3d 1159, 1162 (10th Cir. 2018) ("[P]rison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants.").

Accordingly, prison medical providers do not act with deliberate indifference solely by disagreeing with an outside doctor's treatment recommendation or by choosing a different treatment than that requested by an inmate. However, if the prison provider's chosen treatment proves ineffective, a continued refusal to try other treatments can constitute deliberate indifference.

In *Snow*, for example, the Ninth Circuit held that a genuine factual issue existed as to whether providers violated the Eighth Amendment by denying double hip replacement surgery to an inmate whose hips had degenerated so badly that he could not walk and who was in constant, severe pain. 681 F.3d at 988. Evidence suggested that providers had "ignored outside expert advice, relying solely on their own medical judgment for three years before eventually approving surgery." *Id*. This was sufficient to raise an inference of deliberate indifference even though a "medication-only course of treatment may have been medically acceptable for a

certain period of time." *Id.* At some point, ignoring a "long term" recommendation of an outside provider may become "medically unacceptable." *Id.*

Plaintiff should keep the above standards in mind if he files an amended complaint.

### B.     Other Federal Claims

Plaintiff also asserts claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Compl.* at 1. In *Bivens*, the United States Supreme Court recognized a federal cause of action for monetary damages against federal officials in their individual capacities for a violation of constitutional rights. A *Bivens* action is the federal analog to an action brought under § 1983, and a plaintiff asserting a *Bivens* claim must show that the defendant was acting under color of federal law. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982).

The Complaint fails to state a *Bivens* claim because Plaintiff does not sue any federal defendant who allegedly acted under color of federal law. Thus, these claims must be dismissed and should not be included in an amended complaint.

### C.     State Law Claims

In addition to § 1983 claims, Plaintiff purports to assert state law claims, though he does not identify any such claims. *Compl.* at 1. Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the

Court would decline to exercise supplemental jurisdiction over Plaintiff's state law

claims in any event. *See* 28 U.S.C. § 1367(c). If Plaintiff is allowed to proceed on a

federal claim in an amended complaint, and if the amended complaint identifies

and states a plausible state law claim, the Court will reconsider the issue of

supplemental jurisdiction.

**4.      Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how

the actions complained of have resulted in a deprivation of Plaintiff's constitutional

rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other*

*grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a

sufficient causal connection between each defendant's actions and the claimed

deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

Cir. 1978). "Vague and conclusory allegations of official participation in civil

rights violations are not sufficient to withstand a motion to dismiss" or to survive

screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of*

*Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor

does a complaint suffice if it tenders naked assertions devoid of further factual

enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state

the following: (1) the name of the person or entity that caused the alleged

INITIAL REVIEW ORDER BY SCREENING JUDGE - 15

deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a

state actor (such as state employment or a state contract) or a private entity

performing a state function; (3) the dates on which the conduct of the defendant

allegedly took place; (4) the specific conduct or action Plaintiff alleges is

unconstitutional; (5) the particular constitutional or statutory provision Plaintiff

alleges has been violated; (6) facts alleging that the elements of the violation are

met—for example, Plaintiff must allege facts satisfying the elements of a due

process or Eighth Amendment claim; (7) the injury or damages Plaintiff personally

suffered; and (8) the particular type of relief Plaintiff is seeking from each

defendant. In addition, Plaintiff must include facts showing that Plaintiff can meet

the *Monell* requirements, if applicable (explained above).

Further, any amended complaint must contain all of Plaintiff's allegations in

a single pleading and cannot rely upon, attach, or incorporate by reference other

pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a

pleading, whether filed as a matter of course or upon a motion to amend, must

reproduce the entire pleading as amended. The proposed amended pleading must

be submitted at the time of filing a motion to amend."); *see also Forsyth v.*

*Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint

supersedes the original, the latter being treated thereafter as non-existent."),

*overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896,

(9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.     The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as

described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[2]

2.      If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order.

3.      Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: January 11, 2024

B. Lynn Winmill
U.S. District Court Judge

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).